*JUNE TERM, 1838.*

Swearingen
v.
Slicer.

---

## JAMES T. SWEARINGEN v. EDWARD A. SLICER.

A deed of assignment by a debtor to a trustee for the benefit of certain preferred creditors, the balance to be distributed *pro rata* among the remaining creditors, provided they will release the debtor from further liability, is of no avail until executed by the creditors. Where an execution on an attachment is levied before the deed has been executed, the former has the preference.

APPEAL from the circuit court of St. Louis county.

*T. Polk,* counsel for appellant:

1. Because the deed set out in the answer of the garnishee, Darby, is no deed of assignment. The deed proposes to be a deed, *inter partes* and *tripartite,* between Edward A. Slicer, of the first part, and the creditors of the said Slicer, parties to the deed, of the second part,

16

and John F. Darby, of the third part. But when the deed is inspected, it is found that only the first and third parties have executed the deed, and of course can be no deed of assignment, the parties not having executed it.

2. Whenever a deed requires any act to be done by the parties, or imposes on them any duties to be discharged, they must execute the instrument—Wedgery v. Haskell, 5 Mass. Rep. 144; Stevens v. Bell, 6 Mass. Rep. 339; Marsten v. Coburn, 17 Mass. Rep. 456; Hatch v. Smith, 5 Mass. Rep. 42; Thomas v. Goodwin, 12 Mass. Rep. 140, and 13 Mass. Rep. 147; Ward v. Sampson, 6 Pick. Rep. 358; Neall v. Bliss, 9 Pick. Rep. 13, and a recent case of Russell v. Woodward.

3. But it has even been held that an assignment stipulating for a release is void, even when the creditors come into the deed—Laving v. Binkerhoff, 5 John. Ch. Rep. 329; Clark v. Hyslop, 14 John. Rep. 459; Austin v. Bell, 20 John. Rep. 442.

4. In Massachusetts, it has been held that an assignment shall not prevail against an intervening attachment—15 Mass. Rep. 153; 13 Mass. Rep. 148; 17 Mass. Rep. 457–8.

5. It has been decided in England, that "a conveyance by debtor to trustees, for payment of scheduled creditors, who do not execute the deed or conform to its terms, cannot be enforced by the creditor."—Garhead v. Lord Lauderdale, 5 Con. Eng. Ch. Rep. 1; Walwyn v. Coutts, same, 7.

*J. Spalding*, counsel for appellee:

1. The deed is a valid one; it is not void on account of the preferences in it—3 Mo. Rep. 252; Angell on Assignments, 23.

2. It is not void for want of a schedule of creditors—3 Mo. Rep. 252; Angell on Assignments, 71.

3. It is not void on account of its containing a stipulation for a release on behalf of the non-preferred creditors—Angell on Assignments, 96, 104, 111, 112, 113, 114, 115, 116, 117.

4. The resulting trust in favor of Slicer, in case his creditors did not sign in sufficient amount to cover the whole fund, would not make it fraudulent—Angell on Assignments, 129.

Tompkins, Judge, delivered the opinion of the court.

Swearingen sued Slicer in the circuit court, where he

obtained judgment. Execution was issued on that judgment, and property attached in the hands of John F. Darby, who answered to interrogatories filed, denying that he held any effects of said Slicer in his hands, or owed him any thing. He then proceeds to state that, on the 18th March, 1835, Slicer executed to him a deed of trust, conveying to him all his property and effects in trust, to pay certain preferred debts to the amount of about thirteen thousand dollars, and then to apply the remainder to the payment of the rest of his debts, in equal proportions, to those creditors who should become parties to said deed in four months from the date of said deed, and thereby release Slicer from any other liability. Darby states in his answer that the said preferred debts were justly due; that the owners of them signified their assent to the deed, and called on him for payment before he was summoned as garnishee; that he took possession of Slicer's effects, and would not be able to raise enough from them to pay the preferred debts. No testimony was given in the case.

JUNE TERM,
1838.

Swearingen
v.
Slicer.

Darby moved the court on the trial to discharge him, and it was done accordingly, and the opinion of the court was excepted to.

There can be no doubt entertained of the right of any debtor to prefer any one or more of his creditors; and such creditor may release his debtor upon the payment of a part or of no part of the debt, if he choose so to do; and this payment may be made either in money or property, as the parties may agree. But here is a deed of trust, executed to Darby, conveying all the defendant's property to him in trust to raise money to pay certain creditors, on condition that such creditors shall, within four months from the date of such deed, become parties, thereby releasing said Slicer from any further liability to them on account of such debts.

A deed of assignment by a debtor to a trustee for the benefit of certain preferred creditors, the balance to be distributed *pro rata* among the remaining creditors, provided they will release the debtor from further liability, is of no avail until executed by the creditors. Where an attachment is levied before the deed has been executed, the former has the preference.

This deed was dated the 18th day of March, 1835; the deed was not executed by any one of the creditors on the 21st day of July, 1835, when Darby was summoned. The deed not being executed by the parties when the summons was served on Darby, the delivery of the goods to him could not, according to the terms of the deed, have vested in him a complete right to the property delivered for their use.

If the act had been consummated, by the creditors' executing the deed before the rights of Swearingen, the plaintiff in the execution, attached under that execution, then this question might have arisen: Was the transac-

tion fraudulent? Were the debts preferred really due? To determine this question, the intervention of a jury would have been necessary.

But the preferred creditors not having executed the deed, Darby, to whom the effects of Slicer, the defendant, were delivered for the purposes of that deed, can be regarded only in the light of a special agent or bailee of Slicer, to keep those effects, subject to the debts of any of the creditors of Slicer. The circuit court, then, in my opinion, committed error in decreeing that Darby should be discharged; and such being the opinion of the rest of the court, its judgment is reversed, and the cause remanded.